UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>　upon the relation and<br>　for the use of the<br>TENNESSEE VALLEY AUTHORITY<br>Plaintiff<br><br>　　　v.<br><br>AN EASEMENT AND RIGHT-OF-WAY<br>OVER 0.51 ACRE OF LAND, MORE OR<br>LESS, IN SCOTT COUNTY,<br>MISSISSIPPI, WITH RESPECT ONLY<br>TO AN UNDIVIDED 47/56 INTEREST<br><br>ESTELLA FOUNTAIN<br>PAUL GENE FOUNTAIN<br>VERNA JEAN FOUNTAIN<br>　STRINGFELLOW<br>ALLIE THOMAS<br>EARLENE FOUNTAIN<br>CHARLENE FOUNTAIN<br>CHARLES EARL HUGHES<br>ANNIE EARL HUGHES<br>BERNADETTE HUGHES<br>TONY FOUNTAIN<br>MARIE FOUNTAIN<br>TINA FOUNTAIN<br>JIMMY FOUNTAIN<br>MACK HENRY FOUNTAIN<br>Defendants | No. 3:02CV1608-WHB-AGN |

**JUDGMENT AND ORDER DISBURSING FUNDS**

This action involves the condemnation of an easement and

right-of-way over land in Scott County, Mississippi, with respect to an undivided

1

47/56 interest therein (Plaintiff having acquired by grants the other undivided 9/56 interest in said easement and right-of-way (Compl. ¶ 4)).  Upon filing the Complaint and Declaration of Taking in this action, Plaintiff deposited $1,846.43 in the registry of this Court as its estimate of just and liberal compensation for said taking with respect to the Defendants' undivided 47/56 interest.  All of the Defendants were properly served notice of this action.

By an agreed Order filed herein on November 4, 2004, Plaintiff and Defendants Charles Earl Hughes, Annie Earl Hughes, and Bernadette Hughes settled said three Defendants' respective 1/12 interest each in the property (a combined 14/56 interest) for $183.33 each (a combined $549.99), said amount being their proportionate share of the above-mentioned deposit, and those Defendants agreed by their approval of said Order that upon the disbursement to them of their respective share of the deposit, which has been done, all further proceedings may be had and judgment entered herein without further notice to them, thereby leaving a balance of $1,296.44 on deposit with the registry of the Court with respect to the remaining undivided 33/56 interest in said easement and right-of-way.

On March 31, 2006, the issue of just compensation with respect to said 33/56 interest came on to be heard before the Court.  Based on the evidence presented and the record herein, the Court duly found that $1,296.44 constitutes

2

just compensation for the taking herein with respect to said undivided

33/56 interest.

It is, therefore, Ordered and Adjudged that:

1.  Defendants Estella Fountain, Paul Gene Fountain, Verna Jean

Fountain Stringfellow, Allie Thomas, Earlene Fountain, Charlene Fountain, Tony

Fountain, Marie Fountain, Tina Fountain, Jimmy Fountain, and Mack Henry

Fountain shall recover of the Plaintiff $1,296.44 as just compensation for the

taking of the easement and right-of-way herein condemned with respect to said

Defendants' combined undivided 33/56 interest, the disbursement of which is

provided for in paragraphs 3 and 4 below based on said Defendants' fractional

ownership interests stated in paragraph 6 of the Complaint as follows:

| Defendant | Fractional Interest | Amount |
|---|---|---|
| Estella Fountain | 2/56 | $    78.57 |
| Paul Gene Fountain | 2/56 | $    78.57 |
| Verna Jean Fountain Stringfellow | 2/56 | $    78.57 |
| Allie Thomas | 2/56 | $    78.57 |
| Earlene Fountain | 2/56 | $    78.57 |
| Charlene Fountain | 2/56 | $    78.57 |
| Tony Fountain | 3.5/56 | $  137.50 |
| Marie Fountain | 3.5/56 | $  137.50 |
| Tina Fountain | 3.5/56 | $  137.50 |
| Jimmy Fountain | 3.5/56 | $  137.50 |
| Mack Henry Fountain | 7/56 | $  275.02 |
| TOTAL | 33/56 | $1,296.44 |

2.  The vesting of title in the United States of America, free of all liens, claims, and encumbrances, as evidenced by the Declaration of Taking filed herein on October 22, 2002, is hereby fully and finally confirmed with respect to the undivided 47/56 interest herein condemned in the easement and right-of-way described in Exhibit A attached hereto (said description being the same as Exhibit A attached to the Declaration of Taking filed herein).

3.  Each Defendant named in paragraph 1 above shall provide to the Clerk of this Court (a) written confirmation that such Defendant has provided to Plaintiff that Defendant's social security number and mailing address (which each Defendant is required by Internal Revenue Service regulations to provide to Plaintiff before each Defendant's share of said award herein is to be disbursed as provided below) and (b) the mailing address where he or she wants the check provided for below to be sent.

4.  The Clerk of this Court, upon receipt of such written confirmation and mailing address from a Defendant, shall draw a check payable to that Defendant in the amount stated above, and to mail the check to the mailing address provided by that Defendant.

5.  If a Defendant does not provide such certification and mailing address to the Clerk of this Court within 90 days of the date this order is entered, that Defendant's share of the award shall remain on deposit with the United States

Treasury in accordance with 28 U.S.C. §§ 2041-2042 (2000), subject to further order of this Court, as provided for in said statute.  Such Defendant, or any other persons claiming said proportionate share of the award, can seek disbursement thereof by filing with this Court an appropriate claim accompanied by a social security number and adequate documentation confirming each applicant's entitlement to said Defendant's share of the award.

      6.  The Clerk of this Court shall furnish to the Plaintiff a certified copy of this Judgment which shall serve as a muniment of title.

      7.  The parties shall bear their own costs (*see* Fed. R. Civ. P. 71A(1), 54(d)(1)), and the Clerk of this Court is directed to close this file.

      SO ORDERED this the 31st day of March, 2006.

s/ William H. Barbour, Jr.     
JUDGE WILLIAM H. BARBOUR, JR.
UNITED STATES DISTRICT JUDGE

Tendered by:

s/Edwin W. Small
Edwin W. Small
Assistant General Counsel
Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, Tennessee 37902-1401
Telephone:  865-632-3021
Facsimile:  865-632-6718
E-mail:       ewsmall@tva.gov

Attorney for Plaintiff
003762352

TRACT NO.  SBFP-86

A permanent easement and right-of-way with respect to an undivided 47/56 interest therein, said easement and right-of-way consisting of the perpetual right to enter and to erect, maintain, repair, rebuild, operate, and patrol electric power circuits and communication circuits over and across said right-of-way, together with the right to clear said right-of-way and keep the same clear of all trees, brush, buildings, signboards, stored personal property, and fire hazards, to destroy or otherwise dispose of such trees and brush, to prevent the drilling or sinking of wells within the right-of-way, and to remove, destroy, or otherwise dispose of any trees located beyond the limits of said right-of-way which in falling could come within ten feet of said circuits (including circuits over adjacent lands), the plaintiff to remain liable for any direct physical damage to the land, annual crops, fences, and roads resulting directly from the operations of the construction and maintenance forces of plaintiff in and about the erection and maintenance thereof, all upon, under, over, and across the following-described land:

TRACT NO. SBFP-86A

A parcel of land located in Section 35, Township 7 North, Range 9 East of Scott County, State of Mississippi, the location of which is shown on a map entitled "Sebastopol SW. Sta.-Five Points Transmission Line," drawing LW-8334, sheet 7, R.2, the portion of said map showing said parcel of land being attached to the declaration of taking filed herein, the said parcel being more particularly described as follows:

Commencing at the northwest corner of Section 35, Township 7 North, Range 9 East and the southwest corner Section 26, Township 7 North, Range 9 East, said section corner being an iron pin 13.02 feet right of survey station 666+18.08; thence leaving said point and with the north line of Section 35 and the south line of Section 26 N. 89˚ 57' 00" E., 13.02 feet to a point, said point being on the centerline of the said location at survey station 666+18.10; thence leaving said point and with the said centerline S. 0˚ 02' 29" E., 620 feet to a point, said point being in the north property line of the land of Addie Johnson, et al., and in the south property line of the land of Leon Fountain, et al., at survey station 672+38.10, said point being N. 89˚ 57' 00" E., 16.38 feet from a property corner common between the lands of Addie Johnson, et al., Leon Fountain, et al., and

TRACT NO.  SBFP-86

Jessie D. Ware, said property corner being 16.38 feet right of survey station 672+38.07, said point being the POINT OF BEGINNING.

Thence from the point of beginning and with the north property line of the land of Addie Johnson, et al., and the south property line of the land of Leon Fountain, et al., N. 89° 57' 00" E., 50 feet to a point, said point being in the east right-of-way line of the said location; thence leaving said point and with the said right-of-way line S. 0° 02' 29" E., 332.98 feet to a point, said point being in the south property line of the land of Addie Johnson, et al., and in the north property line of the land of Janice Robertson, et al.; thence leaving said point and with the said property line S. 89° 57' 00" W., 50 feet to a point, said point being on the centerline of the said location at survey station 675+71.00, said point being N. 89° 57' 00" E., 18.19 feet from a property corner common between the lands of Addie Johnson, et al., Janice Robertson, et al., and Jessie D. Ware, said property corner being 18.19 feet right of survey station 675+71.05; thence leaving said point and continuing with the said property line S. 89° 57' 00" W., 18.19 feet to a point, said point being said property corner; thence leaving said point and with the west property line of the land of Addie Johnson, et al., and the east property line of the land of Jessie D. Ware, said property line being the west line of Section 35, Township 7 North, Range 9 East and the east line of Section 34, Township 7 North, Range 9 East, N. 0° 16' 10" E., 332.98 feet to a point, said point being a property corner common between the lands of Addie Johnson, et al., Leon Fountain, et al., and Jessie D. Ware, said property corner being 16.38 feet right of survey station 672+38.07; thence leaving said point and with the north property line of the land of Addie Johnson, et al., and the south property line of the land of Leon Fountain, et al., N. 89° 57' 00" E., 16.38 feet to the point of beginning and containing 0.51 acre, more or less.

Reference information:

Defendants-landowners as of the date of the filing of the declaration of taking with respect to the undivided 47/56 interest herein condemned - Estella Fountain (undivided 1/28 interest by virtue of intestate succession from her husband, Glover Fountain); Paul Gene Fountain, Verna Jean Fountain Stringfellow, Allie Thomas, Earlene Fountain, and Charlene Fountain (an undivided 1/28 interest each by virtue of intestate succession from their father, said Glover Fountain); Charles Earl Hughes, Annie Earl Hughes, and

EXHIBIT A
PAGE 2 OF 3 PAGES

TRACT NO.  SBFP-86

Bernadette Hughes (an undivided 1/12 interest each by virtue of intestate succession from their mother, Loddie Mae Fountain); Tony Fountain, Marie Fountain, Tina Fountain, and Jimmy Fountain (an undivided 1/16 interest each by virtue of intestate succession from their father, R. D. Fountain); and Mack Henry Fountain (an undivided 1/8 interest by virtue of a will recorded in Will Book 10, page 135, in the office of the Chancery Court Clerk of Scott County, Mississippi).

The above-described parcel of land is lying entirely in the northwest 1/4 of the northwest 1/4 of Section 35, Township 7 North, Range 9 East.